UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ALLEN HIRATSUKA,<br><br>     Plaintiff,<br><br>vs.<br><br>EARL HOUSER,<br><br>     Defendant. | 3:21-CV-00018-SLG-MMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING HIRATSUKA'S PETITION WRIT OF HABEAS CORPUS [DKT. 1]** |

### I. MOTION PRESENTED

In January 2021, Petitioner Allen Hiratsuka brought this Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Dkt. 1]. This case stems from Hiratsuka's state case, *State of Alaska v. Allen Hiratsuka*, Alaska Superior Court Case No. 3DI-18-00319CR. Hiratsuka is a pretrial detainee in the Goose Creek Correctional Center and is scheduled for trial on one count of second-degree sexual assault.[1] [Dkt. 1 at 1].

This Court, in March 2021, ordered Hiratsuka to file an § 2241 amended habeas corpus petition, or notify the Court that no amended petition will be filed, and ordered the State of Alaska to respond to Hiratsuka's habeas petition [Dkt. 11 at 12]. Hiratsuka did not file an amended § 2241 habeas corpus petition. The State of Alaska, in July 2021,

---

[1] Alaska Court System Courtview Public Access Website, records.courts.alaska.gov (Court records indicate that, as of December 29, 2021, Hiratsuka's trial is scheduled to start on January 25, 2022)

1

responded to Hiratsuka's habeas petition. [Dkt. 34]. Hiratsuka thereafter filed a reply to the State of Alaska's response. [Dkt. 37]. In August 2021, this Court held an evidentiary hearing on Hiratsuka's habeas petition. [Dkt. 44].

Hiratsuka's § 2241 habeas petition alleges the following claims: (1) his Sixth Amendment right to a speedy trial has been violated because his pretrial proceedings have been underway since August 2018; (2) the State of Alaska "has forced an attorney on [him] who will not file the necessary documents[.]"; and (3) he seeks dismissal "under 18 U.S.C. § 3161(h), *McNeely v. Blana* … [and] Covid-19 is not a factor in the equation as [he] was violated long before Covid-19." [*sic*] [Dkt. 1 at 3]; [Dkt. 37 at 1-2].

The State of Alaska argues that (1) this Court should abstain from deciding Hiratsuka's Motion for a Writ of Habeas Corpus because Hiratsuka has not exhausted his state remedies; (2) this Court should not second-guess the tactical decisions of Hiratsuka's attorney through pretrial habeas relief under 28 U.S.C. § 2241; and (3) "most of the delay in the state proceeding was caused by continuances requested by the defense and, to a lesser degree by the Covid-19 pandemic, which led to the suspension of normal operations in both state and federal courts." [Dkt. 34 at 1-2].

This Court hereby issues a Final Report and Recommendation regarding Hiratsuka's Motion for a Writ of Habeas Corpus. [Dkt 1]. For the reasons below, this Court will abstain from deciding Hiratsuka's habeas petition and the habeas petition should therefore be DENIED without prejudice. 28 U.S.C. § 636(b)(1)(B).

## II. PROCEDURAL HISTORY

In August 2018, Hiratsuka was charged by indictment in the Alaska Superior Court with one count of second-degree sexual assault.[2] [Dkt. 1]; [Dkt. 34-2 at 1]. In September 2018, Attorney Christopher S. Lesch entered his appearance to represent Hiratsuka. *See* Alaska Court System Courtview Public Access Website[3] [Dkt. 34-7]. Between October 2018 and September 2019, the state court held monthly pre-trial conferences.[4] *See* Alaska Court System Courtview Public Access Website.[5] In September 2019, Hiratsuka moved for a representation hearing because he was dissatisfied with Mr. Lesch's representation:

> Mr. Lesche was introduced to my case towards the end of August, 2018. It wasn't until April, 2019 that I received some of my discovery from Mr. Lesche. It was several months later that I had to finally write a letter to the court, which was done on 6-1-19, asking for the courts assistance with communications with mr. Lesche. My request to attend a meeting between Dr. Ford and Mr. Lesch regarding DNA evidence was denied by Mr. Lesche. (Aug. 1st 2019 meeting) … On 9-3-19, I spoke with Mr. Lesche via telephone at which time he indicated to me he was not hiring a DNA transfer expert and was too busy to talk to me, but in the mean-time we were ready for trial. I requested at that time for copies of Dr. Fords results, which I was denied. 9-7-19.

[*sic*] [Dkt. 1-1 at 3]. Between September 2019 and March 2020, the state court held monthly pretrial conferences, and it appears that Hiratsuka's trial was continued because Hiratsuka sought out a DNA expert for trial. [Dkt. 1-1 at 4]; [Dkt. 34 at 6-7]. Starting in

---

[2] AS 11.41.420(a)(3): Sex Assault 2-Penetrate Incap Victim (Class B Felony)
[3] records.courts.alaska.gov
[4] The State of Alaska, in their response brief alleges that the defense requested further continuances, "at least in part because Mr. Lesche was trying to hire an expert who could challenge the DNA Evidence." [Dkt. 34 at 5].
[5] records.courts.alaska.gov

March 2020, COVID-19 became a national emergency and the Alaska state courts issued a series of miscellaneous general orders that described the impact of COVID-19 on the state court system and its ability to conduct jury trials. *See* Special Orders 8130-8352 of the Chief Justice of the Alaska Court, [COVID-19 Response](). The Alaska state courts excluded pandemic-related delay from March 16, 2020 to June 1, 2021 for criminal cases, and allowed tolling after July 31, 2021 "for the time necessary to permit an orderly transition and scheduling." *See* [Special Order of the Chief Justice Order No. 8259 Update Regarding Covid-19 and Criminal Jury Trials](); *see also* [Special Order of the Chief Justice No. 8130](). In Hiratsuka's case, the state court continued holding pre-trial conferences and in June 2020, granted Hiratsuka's pretrial release for the limited purpose of working the fishing season. *See* Alaska Court System Courtview Public Access Website, [records.courts.alaska.gov](); *see also* [Dkt. 34 at 9]. It appears that Hiratsuka returned to custody in August 2020 when the fishing season ended. *See* [*Id.*]; *see also* [*Id.*].

In January 2021, Hiratsuka filed a § 2241 habeas petition with the U.S. District Court for the District of Alaska. [Dkt. 1]. In Hiratsuka's habeas petition, he claims that he appealed the state court's order regarding his Sixth Amendment Right to Speedy Trial violation to the American Bar Association. [*Id.* at 2-3]; *see also generally* [Dkt. 3]; [Dkt. 9 at 1] ("As far as how you may be attempting to have the Supreme Court review your Attorney Bar Grievance, from the documents provided, it does not appear that you have exhausted all potential remedies regarding an Attorney Bar Grievance."). Hiratuska's habeas petition was referred to this Court in March 2021. [Dkt. 8]. In March 2021, this Court ordered Hiratsuka to file an amended habeas petition, or notify the Court that none

would be filed, and ordered the State of Alaska to respond to Hiratsuka's habeas petition, including whether Hiratsuka had exhausted all available remedies to address the issues presented. [Dkt. 11 at 12-13].

In April 2021, this Court appointed counsel for Hiratsuka, but appointed counsel withdrew in May 2021. [Dkt. 16]; [Dkt. 26]. Hiratsuka did not file an amended § 2241 habeas corpus petition. Regarding Hiratsuka's exhaustion, the State of Alaska responded to Hiratsuka's habeas petition and stated that "Hiratsuka failed to properly present his claims to the state courts, and even now, he is not precluded from filing those claims in the state courts." [Dkt. 34 at 1]. Hiratsuka thereafter filed a reply to the State of Alaska's response. [Dkt. 37]. Upon Hiratsuka's request, this Court held an evidentiary hearing in August 2021 to address the issue of Hiratsuka's speedy trial claim, but the only evidence proffered by Hiratsuka was a motion to dismiss which had been previously filed in state court. [Dkt. 47 at 24-26]; [Dkt. 36].

Based on the state court records, Hiratsuka's state trial is scheduled for January 25, 2022. *See* Alaska Court System Courtview Public Access Website, records.courts.alaska.gov.

### III. LEGAL STANDARD

A state detainee who is not incarcerated pursuant to a final state court judgment may invoke 28 U.S.C. § 2241 for relief on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pretrial habeas relief under § 2241 must be premised on a violation of federal law. [*Id.*] ("the writ shall not extend to a prisoner unless (1) he is in the custody of the United States; (2) he is in custody

for an act done or omitted in pursuance of an Act of Congress or an order, process, judgment or decree of a court or judge of the United States; (3) he is in custody in violation of the Constitution or laws or treaties of the United States; (4) he is a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or (5) it is necessary to bring him into court to testify or for trial"). State law violations are thus not cognizable on federal habeas corpus review. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) ("We have stated many times that federal habeas relief does not lie for errors of state law") (quoting *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)) (internal quotations omitted). A petitioner must also have exhausted his state court remedies before properly pursuing a claim under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491-92 (1973). Exhaustion under § 2241 is not a statutory requirement; it is an "exercise of judicial restraint … federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim." *Carden v. State of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980). Thus, exhaustion has been imposed on § 2241 habeas petitions by federal courts in construing the statute. [*Id.*].

In *Younger v. Harris*, the Supreme Court held that a federal court should abstain from interfering with a pending state criminal proceeding absent extraordinary circumstances. 401 U.S. 37, 41 (1971). Exceptions to the *Younger* abstention doctrine exist when there is a showing of "bad faith, harassment, or some other extraordinary act that would make abstention inappropriate." *Middlesex County Ethics Committee v. Garden*

*State Bar Ass'n*, 457 U.S. 423, 435 (1982); *see also Perez v. Ledesma,* 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate"); *Carden v. Montana,* 626 F.2d at 83 (*Younger* abstention appropriate despite the prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings); *see also Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts").

In *Wright v. Volland*,[6] the defendant alleged that his Sixth Amendment right to a speedy trial was violated because of a "five-year delay between the time when he was charged with sexual abuse of a minor and his arrest[.]" 2009 WL 1465351 at 1. The Ninth Circuit affirmed the district court's decision to abstain from deciding *Wright*'s habeas petition:

> Because Wright asks us to order the state of Alaska to dismiss the charges against him, and because the state appellate courts have not yet had the opportunity to examine the merits of Wright's constitutional claims, *Younger v. Harris* mandates that we abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. *See* 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Wright failed to demonstrate any special circumstances warranting federal intervention. *See Carden v. Montana,* 626 F.2d 82, 83 (9th

---

[6] Under Ninth Circuit Rule 36-3, *Wright* is not binding precedent because it is an unpublished opinion. However, *Wright* is persuasive authority that incorporates binding precedent.

> Cir.1980) (quoting *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)).
>
> Wright has not demonstrated irreparable injury by the simple fact that he must wait to assert his speedy trial claim on direct appeal in the event he is convicted. *See id.* at 84. "[U]nlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." *Id.*; *see also United States v. MacDonald,* 435 U.S. 850, 861, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (noting that the Speedy Trial Clause does not "encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all").

[*Id.* at 497-98] (some internal citations and quotations omitted).

## IV. ANALYSIS

Here, the *Younger* abstention doctrine mandates that this Court abstain from intervening in Hiratsuka's ongoing state criminal proceedings because (1) Hiratsuka has failed to demonstrate any special circumstances that warrant federal intervention. *See Carden*, 626 F.2d at 83; (2) there is no indication that Hiratsuka has exhausted a speedy trial claim in the state courts proceedings. [*Id.*]; *see also Braden*, 410 U.S. at 491-92; (3) and this Court finds the Ninth Circuit's reasoning in *Wright* to be persuasive in Hiratsuka's case. *Wright*, 2009 WL 1465351 at 1.

Nothing in Hiratsuka's § 2241 habeas petition suggests that the application of *Younger* would otherwise be inappropriate. Given Hiratsuka's upcoming trial date,[7] the state criminal proceedings are ongoing, and Hiratsuka will have an opportunity to

---

[7] Alaska Court System Courtview Public Access Website, records.courts.alaska.gov (Court records indicate that, as of December 29, 2021, Hiratsuka's trial is scheduled to start on January 25, 2022)

adequately raise his affirmative defense of a speedy trial violation in the ongoing state criminal proceedings, and on appeal should he be convicted. *See Middlesex County Ethics Comm.*, 457 U.S. at 435. While Hiratsuka alleges that the State of Alaska "has forced an attorney on [him] who will not file the necessary documents[,]" the state court records indicate that the state judge has been sensitive to Hiratsuka's concerns regarding attorney representation by holding several representation hearings.[8] *See Perez*, 401 U.S. at 85 ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); [Dkt. 1 at 3]; [Dkt. 37 at 1-2].

Regarding the state court's suspension of jury trials between March 2020 and June 2021, this Court agrees with the State of Alaska that the "Ninth Circuit has recognized that jury-trial delays caused by Covid-19 suspension orders do not generally violate speedy-trial requirements." [Dkt. 34 at 26]. In *United States v. Olsen*, the Ninth Circuit dealt with the COVID-19 implications for speedy trial issues, and held that the ends of justice provision allow continuances even when conducting a trial is not outright impossible. 2021 WL 1589359 at 6. Here, the miscellaneous general court orders described the devastating effect that COVID-19 had on the Alaska state court system and described the careful consideration by the Alaska Court System when the suspension of jury trial was imposed. *See* Special Order of the Chief Justice Order No. 8155 ("The number of active COVID-19

---

[8] Alaska Court System Courtview Public Access Website, records.courts.alaska.gov

cases in Alaska remains high. Public health authorities advise that transmission of the disease may be mitigated by social distancing, face coverings, and other health measures. But most state courtrooms are barely adequate to accommodate the parties, attorneys, court personnel, and a standard jury panel with adequate social distancing."). Thus, this Court finds that the COVID-19 delays in Hiratsuka's trial are not special circumstances that warrant federal intervention. *See Carden*, 626 F.2d at 83; *see also Drury*, 457 F.2d at 764-65 ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

Hiratsuka misreads *McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003). In *McNeely*, pretrial habeas relief was granted because a state prisoner did not have a single preliminary hearing or a trial in a five-year span. [*Id.*]. Pretrial habeas relief is appropriate "when a state prisoner requests the federal courts to order the state court to afford the petitioner a trial but does not permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Wright*, 331 F. App'x at 498. Hiratsuka's state case is distinguishable from *McNeely* because there is a trial scheduled in his state case[9] and Hiratsuka has also not properly exhausted his state remedies. *See Middlesex County Ethics Comm.,* 457 U.S. at 435.

This Court finds *Wright* to be persuasive in Hiratsuka's case. There ─as here─ the petitioner alleged speedy trial violations based on court delays. *Wright*, 331 Fed.

---

[9] Alaska Court System Courtview Public Access Website, records.courts.alaska.gov

App'x at 497. There —as here— the state courts did not have the opportunity to examine the merits of petitioner's constitutional claims. [*Id.*]. There —as here— the delay experienced by the petitioner did not give rise to a constitutionally invalid trial, warranting federal pretrial intervention. [*Id.*]. There —as here— the petitioner failed to demonstrate special circumstances or "irreparable injury by the simple fact that he must wait to assert his speedy trial claim on direct appeal in the event that he is convicted." [*Id.* at 498].

Whether Hiratsuka's speedy trial claim provides a meritorious defense based on the delays in bringing him to trial is a matter that the Alaska state court must first address on direct appeal, should Hiratsuka be convicted. *Younger* therefore mandates that this Court abstain from intervening in Hiratsuka's ongoing state criminal proceedings. *Younger*, 401 U.S. at 85.

## V. CONCLUSION

For the reasons set forth above, Hiratsuka's Motion for a Writ of Habeas of Corpus [Dkt. 1] should be DENIED without prejudice. 28 U.S.C. § 636(b)(1)(B).

Dated this 5th day of January, 2022, at Anchorage, Alaska

*s/ Matthew M. Scoble*
CHIEF MAGISTRATE JUDGE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Any party may file written objections with the court no later than **CLOSE OF BUSINESS**, **January 20, 2022**. Such a document should be captioned "Objections to Final Report and Recommendations." Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS**, **January 27, 2022**. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). Petitioner's objections may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing Section 2254 Cases (the

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kinsheloe, 796 F.2d 308 (9th Cir. 1986).